** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JIMMY FISHER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:10CV-110 |
| | § | |
| | § | JUDGE RON CLARK |
| DAVID CERVANTES *et al*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The Report and Recommendation of the United States Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this case has been presented for consideration. The Report and Recommendation recommends that the County Defendants' Motion for Summary Judgment [Doc. # 22] and the City Defendants' Motion for Summary Judgment [Doc. # 25] be granted, and that Plaintiff's claims against all Defendants be dismissed with prejudice.

Plaintiff filed written objections to the Report and Recommendation on August 26, 2011, arguing that: (1) probable cause did not exist prior to Plaintiff's indictment; (2) Defendant Cervantes was not entitled to absolute immunity, under the theory that since probable cause did not exist pre-indictment, his actions during that time were investigative, not advocacy, and not protected by absolute immunity; (3) Defendant Cervantes is not entitled to qualified immunity, because his actions were not in good faith and were not objectively reasonable; and (4) based on (1)-(3), the

remainder of Plaintiff's claims against the other Defendants remain viable. In essence, Plaintiff's

objections all hinge on whether or not probable cause existed pre-indictment.

Having made a *de novo* review of the written objections filed by Plaintiff, and the pleadings,

papers, and evidence on file, the court finds that the findings and conclusions of the Magistrate Judge

are correct, and Plaintiff's objections are without merit.

Plaintiff's first objection is based on a fundamental misreading of Mr. Cervantes's deposition

testimony. Looked at in total, rather than the isolated portions to which Plaintiff cites, Mr. Cervantes

testified as follows:

> Q.    But that's all you think you needed?
>
> A.    Everything together, in my opinion, was probable cause, more than probable cause, especially with the letter written by Chief Fisher . . .
>
> A.    Exhibit 9 is an Application for Subpoena. It was issued to Chevron or issued for Chevron records. . .
>
> Q.    What is the date here?
>
> A.    The date here is August the 18th.
>
> Q.    Chief Fisher was indicted, you would agree, [on] August 26th?
>
> A.    Yes, sir.
>
> Q.    Now, would this subpoena be what you earlier testified to as 'We need more and so I asked Clayton [Smith, one of the Defendants] to get us more?' You were talking about subpoenaing records earlier.
>
> A.    Yes, sir, it very well could be. I don't recall. I just remember looking at the case initially and telling Clayton 'We need more, there's not enough here, I'm not comfortable with it.'
>
> Q.    There's not enough here to indict?
>
> A.    Yes, and my recollection is we got more prior to the indictment.

> Q. Records?
>
> A. I believe so, yes, sir. You know, I'm at a disadvantage without the file, I really can't say for sure, but I believe we got records, yes.

Doc. # 23-1 at 34:17-20; 35:11-12; 36:6-21. Plaintiff uses selections of the above-cited passage, in connection with the deposition testimony of Clayton Smith that the Chevron bank records were not received before Plaintiff's indictment, to argue that Defendant Cervantes did not believe that probable cause existed to indict Plaintiff when the case was presented to the grand jury.

Plaintiff's argument fails for several reasons. First, Defendant Cervantes's subjective state of mind is irrelevant so long as, from an objective standpoint, probable cause existed. *See, e.g., Ohio v. Robinette*, 519 U.S. 33, 38, 117 S. Ct. 417 (1996).

Second, the deposition testimony Plaintiff relies on does not support the conclusion that Defendant Cervantes did, in fact, not believe probable cause existed. He testified that "initially" he was not certain probable cause existed, but that records were received pre-indictment that changed his mind. These records do not necessarily have to be the Chevron records; for instance, the documents in Christopher Fisher's Texas Department of Public Safety file—which included Plaintiff's August 2007 letter to DPS, in which he made statements about the credit cards in question and Christopher's statements regarding the credit cards in his DPS application—were obtained before Plaintiff was indicted. *See, e.g.*, Doc. # 22-2 at 1 of 50 (certification for file dated August 8, 2008, more than two weeks before Plaintiff was indicted on August 26, 2008) and 3 of 50 (Plaintiff's August 14, 2007 letter); Doc. # 22-3 at 21-22 of 50 (Christopher's application). The above records support the conclusion that probable cause existed to present the case to the grand jury in August 2008. The grand jury agreed, finding probable cause to indict Plaintiff. The court does as well.

Having rejected Plaintiff's argument that probable cause was lacking, the remainder of his objections necessarily fail. As to the second objection, the question of whether Defendant Cervantes had absolute immunity first hinges on whether probable cause existed at the time of the actions about which Plaintiff complains: prosecutorial misconduct that occurs before the existence of probable cause is investigative (and therefore entitled only to qualified immunity). *Buckley v. Fitzsimmons*, 509 U.S. 259, 274, 113 S. Ct. 2606, 2616 (1993). As discussed above, the court agrees with the Magistrate Judge that probable cause existed at the time of the actions complained of.

This does not end the inquiry—even if probable cause existed, Defendant Cervantes is entitled to absolute immunity only if, in view of all the facts and the prosecutor's subjective state of mind, he was acting as an advocate rather than an investigator. *Cousin v. Small*, 325 F.3d 627, 633-35 (5th Cir. 2003). The Magistrate Judge found, and Plaintiff does not provide any specific argument to the contrary, that Defendant Cervantes's actions were advocacy, rather than investigative. The court agrees.

Plaintiff's third objection is that Defendant Cervantes is not entitled to qualified immunity. As the court has already concluded that he is entitled to absolute immunity, this argument is moot.

Plaintiff's final objection is a vague, generalized statement that, "[b]ased upon the foregoing objections . . . his causes of action against the named Defendants do not fail as a matter of law wherein the basis for the magistrate's recommendations involve the issues of probable cause and absolute and/or qualified immunity." Doc. # 37 at 7. As the court has rejected Plaintiff's other objections, this objection is also rejected.

For the reasons discussed above, the court adopts the findings and conclusions of the Magistrate Judge as those of court.

IT IS THEREFORE ORDERED that the County Defendants' Motion for Summary Judgment [Doc. # 22] and the City Defendants' Motion for Summary Judgment [Doc. # 25] are GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE. Any relief not granted herein, including all pending motions, is DENIED.

So **ORDERED** and **SIGNED** this **9** day of **November, 2011.**

_____
Ron Clark, United States District Judge